**FILED**
**CLERK**

9/28/2018 11:38 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHAWN HARRIS,

                Plaintiff,

      -against-

LAN DONG DONG,

                Defendant.
----------------------------------------------------------------X

**ORDER**
18-CV-2946(JMA)(ARL)

**AZRACK, District Judge:**

On May 17, 2018, then-incarcerated *pro se* plaintiff Shawn Harris ("Plaintiff") filed an *in forma pauperis* complaint in this Court against Lan Dong Dong ("Dong" or "Defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights. On June 13, 2018, Plaintiff filed two additional pages as "supplemental exhibits" to his complaint. The first page is a form from the Nassau County Police Department entitled "District Court Information" and reflects that Plaintiff was charged with petit larceny, a class A misdemeanor, in connection with his theft of liquor from Grapes and Grains Liquor Store (see Docket Entry No. 6 at 3) and the second page reflects that Dong is the owner of the liquor store (see Docket Entry No. 6 at 5). The Court grants Plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii-iii), 1915A(b) for the reasons that follow.

## I.   BACKGROUND[1]

Plaintiff's brief handwritten complaint is submitted on the Court's Section 1983 complaint form and seeks to impose Section 1983 liability upon Dong, the owner of the liquor store that Plaintiff admittedly robbed on August 8, 2016.   Plaintiff complains that Dong shot him in his right shoulder as Plaintiff left the store.   In its entirety, plaintiff's statement of claim alleges:[2]

> Me and my friend walked into the liquor store and went to the Hennesey and Patron section and removed 4 bottles of liquor.   I put 2 bottles in my pants and walked to pay for the other 2 bottles and he asked for I.D. and I told him I need to go to the car and get my I.D. and I went outside and dropped the 2 bottles out my leg and put them in the car and came back in the store and took 2 more bottles of liquor and put them in my pants and went back to the car and dropped the other 2 bottles in the car.   Then I went back in and put 2 more bottles in my pants as a friend of mine tried to take 2 bottles of liquor and put them in his pants also and amongst doing that we was followed outside and the store owner pulled out a handgun and stated give me the bottles back.   We tried to get in the car to leave and that's when the store owner pulled out a handgun and stated give me the bottles back.   We tried to get in the car to leave and that's when the store owner tried to stop us from leaving by jumping in the car with us and trying to take the keys from the ignition and trying to throw the car in park.   During this the store owner shoots my friend and he confronted me outside the car and shot me also as I ran off.

(Compl. ¶ II.)   In the space on the form complaint that calls for a description of any claimed injuries, Plaintiff alleges: "I was shot by Lan Dong Dong in my right shoulder and I did not receive medical treatment because I was scared of getting arrested for the theft of the liquor so I did my own medical treatment."   (Id. ¶ II.A.)   For relief, Plaintiff seeks "to be compensated 2.7 million dollars for my injuries after being shot by Lan Dong Dong.   And I want Lan Dong Dong to be properly brought to justice for shooting me and my friend over this situation."   (Id. ¶ III.)

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of Plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a District Court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the

3

grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

C. **Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained

4

of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 1. Section 1983 Claim Against Dong

As noted above (see *supra* at 4), in order to state a Section 1983 claim, a plaintiff must allege, *inter alia,* that the conduct challenged was "committed by a person acting under color of state law." Cornejo, 592 F.3d at 127 (citation omitted). Here, Dong is alleged to be the owner of the liquor store that Plaintiff admittedly robbed. Thus, because the sole defendant is a purely private actor, he does not act under color of state law and cannot be liable under Section 1983.

However, a private actor, such as Dong, may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, as is readily apparent, Plaintiff has not alleged any facts from which the Court could liberally construe joint action by Dong with a state actor or infer that Dong conspired with a state actor to deprive Plaintiff of some constitutional right. Thus, Plaintiff has not alleged a plausible conspiracy claim. Because Dong is not a state actor, there is no legal basis for a Section 1983 claim against him. Accordingly, Plaintiff's Section 1983 claims fail as a matter of law, and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. Because the defects in Plaintiff's claims are substantive, and could not be cured in an amended complaint, leave to amend the complaint would be futile and is thus denied.

**E.     State Law Claims**

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - -judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the

remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and dismisses any such claims without prejudice.

### III.   CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed *in forma pauperis* is granted, but Plaintiff's Section 1983 claims are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii), 1915A(b). The Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and any such claims are dismissed without prejudice. The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at his last known address and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date:   September 28, 2018                             /s/ (JMA)
       Central Islip, New York                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE